IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1576-05






ANTHONY DIXON, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


BRAZORIA COUNTY





 Cochran, J., filed a concurring opinion, in which Holcomb, J., joined.


O P I N I O N 



 It is a truism that bad facts make bad law. 

 The facts in this case are bad. They are also depressingly familiar: a young child is
repeatedly molested by an authority figure-usually a step-parent, grandparent, uncle or
caregiver; there is (or is not) medical evidence of sexual contact; and the child is too young
to be able to differentiate one instance of sexual exposure, contact, or penetration from
another or have an understanding of arithmetic sufficient to accurately indicate the number
of offenses. As in this case, "he did it 100 times." The real gravamen of this criminal
behavior is the existence of a sexually abusive relationship with a young child, male or
female, marked by continuous and numerous acts of sexual abuse of the same or different
varieties. This scenario plays itself out in Texas courtrooms every day.

 Yet, as is evidenced by this case, current Texas law does not easily accommodate the
prosecution of generic, undifferentiated, ongoing acts of sexual abuse of young children. 
This is because our penal statutes are intended to prosecute a person who commits one
discrete criminal offense at one discrete moment in time. Our criminal procedures are
intended to protect a defendant from being tried for being a "bad" person who acts in
conformity with a criminal character propensity. Our rules are intended to give the defendant
advance notice of precisely what criminal act he is alleged to have committed and when it
occurred. Our state constitution requires the jurors to make a unanimous decision on the
occurrence of one specific criminal act. The law focuses the advocates, judge, and jurors on
whether the person charged is guilty of this one, very specific criminal act that he is charged
with having committed. 

 We are headed for a train wreck in Texas law because our bedrock procedural
protections cannot adapt to the common factual scenario of an ongoing crime involving an
abusive sexual relationship of a child under current penal provisions. (1) The general legal
principles are being stretched beyond recognition and common logic in what appears to be
a futile attempt to accommodate both (1) the defendant's rights to a specific verdict for one
specific criminal act and (2) the simple fact that the criminal conduct at issue is not really one
specific act at one specific moment. Our bedrock legal doctrines are becoming ever more
convoluted, contradictory, and inconsistent as a result. Worst of all, these convolutions,
contradictions, and inconsistencies affect not only Texas law as it applies to the present fact
scenario, but they leak out into other factual scenarios and the trial of other offenses,
affecting trials of all varieties. 

 Perhaps the Texas Legislature can address this conundrum and consider enacting a
new penal statute that focuses upon a continuing course of conduct crime-a sexually abusive
relationship that is marked by a pattern or course of conduct of various sexual acts. Such a
statute would have advantages and disadvantages for both the prosecution and defense, but
it might well assist in preserving our bedrock criminal-procedure principles of double
jeopardy, jury unanimity, due-process notice, grand-jury indictments, and election law. 

 In the meantime, I join the majority opinion in this case, although I find much merit
in the arguments of the dissent. 


Filed: September 13, 2006

Publish 
1. The procedural laws and legal principles adversely affected include: due-process notice,
statutes of limitation, grand-jury indictment, specificity of the indictment, counts and paragraphs
within an indictment, the prosecution's duty to elect a specific act upon which it will rely, the
admissibility of extraneous offenses, jury charge application paragraphs, the requirement of a
unanimous verdict, and double jeopardy protections.